# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 24-2869

———————————————

United States of America

*Plaintiff - Appellee*

v.

Saladean Walker Salean, also known as Michael Germane Walker

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: February 13, 2026
Filed: July 16, 2026
[Unpublished]

——————————

Before LOKEN, L.R. SMITH, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Fresh out of prison, Saladean Salean violated the conditions of supervised release. He now claims an improper factor played a key role in his 60-month revocation sentence. It is not clear or obvious that it did, so we affirm.

I.

To remain on supervised release, Salean could "not commit another federal, state[,] or local crime." Yet, according to the government, he did so repeatedly, mostly through illegal possession of ammunition. *See* 18 U.S.C. § 922(g)(1). As relevant here, after shooting someone in the leg, he both pleaded guilty to a single felon-in-possession count and admitted to violating a condition of supervised release. At a combined sentencing hearing, the district court[1] ordered him to spend a total of 235 months in prison, 195 months for the new crime and 60 months for the violation, with 40 to run consecutively to the other sentence.

In Salean's view, the district court made a critical error in punishing him based on the original offense he committed, the one that led to his placement on supervised release. He did not object at the hearing, however, so he cannot prevail unless he identifies "a clear or obvious error that affected his substantial rights and . . . seriously affect[ed] the fairness, integrity[,] or public reputation of judicial proceedings."[2] *United States v. Spotted Bear*, 920 F.3d 1199, 1201 (8th Cir. 2019) (first alteration in original) (citation omitted). He has not done so.

---

[1]The Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota.

[2]The parties disagree about whether the alleged error was procedural, substantive, or both. The question is largely academic because plain-error review applies either way. *See United States v. Higgerson*, 166 F.4th 702, 708 (8th Cir. 2026) (applying plain-error review to a "substantive[-]unreasonable[ness]" challenge for "g[iving] considerable weight to an improper sentencing factor" (citation omitted)); *United States v. Burnette*, 518 F.3d 942, 946 (8th Cir. 2008) ("Procedural sentencing errors are forfeited, and . . . reviewed only for plain error, if the defendant fails to object in the district court.").

## II.

When the district court sentenced Salean, it expressed "dismay[]" that "the [supervised-release] *violation* was so flagrant and so violent and so quick after [he] got out." (Emphasis added). It was also concerned about "the real danger to the community" that the *violation* posed. *See* 18 U.S.C. § 3553(a)(2)(C) (instructing courts to consider "the need . . . to protect the public from further crimes of the defendant" at sentencing); *id.* § 3583(e)(3) (same for a revocation sentence). Based on those considerations, "as well as [to] provide punishment and deterrence and [to] reflect[] . . . respect for the law and the seriousness of the . . . *violation*," it gave him a longer sentence "for repeating a very, very serious federal crime." (Emphasis added); *see id.* § 3553(a)(2)(B) (discussing the need to "afford adequate deterrence to criminal conduct"); *id.* § 3583(e)(3) (same for a revocation sentence). Nothing it said was "clear[ly] or obvious[ly]" out of bounds. *Spotted Bear*, 920 F.3d at 1201 (citation omitted); *see Esteras v. United States*, 606 U.S. 185, 194 n.5 (2025) (leaving open the possibility that a revocation sentence can "sound in retribution *for the violation of the conditions of the supervised release*").

In arguing otherwise, Salean correctly recognizes that district courts fashioning revocation sentences are supposed to ignore several factors, including "the seriousness of *the offense*, [promoting] respect for the law, and [providing] just punishment for *the offense*." 18 U.S.C. § 3553(a)(2)(A) (emphases added); *see Esteras*, 606 U.S. at 194 n.5, 197 (explaining that these considerations are "exclude[d]" for revocation sentences with respect to "the underlying criminal conviction"); *see also United States v. Newcomer*, 164 F.4th 697, 700 (8th Cir. 2026) (recognizing that "offense" in the revocation context does *not* mean "the violation of the supervised-release conditions" (citing *Esteras*, 606 U.S. at 193–94)). But as the Supreme Court recently recognized, similar "consideration[s]" may be "permissible" when it comes to the supervised-release violation itself. *Esteras*, 606 U.S. at 194 n.5; *see also id.* at 193 (remarking that § 3553(a)(2)(A) "does not speak of retribution *generally*" (emphasis added)). This possibility means it could not have

-3-

been a "clear or obvious" error to mention them here.[3] *Spotted Bear*, 920 F.3d at 1201 (citation omitted); *see United States v. Fortier*, 956 F.3d 563, 570 (8th Cir. 2020) ("Usually, for an error to be plain, it must be in contravention of [controlling] precedent." (alteration in original) (citation omitted)).

## III.

We accordingly affirm the judgment of the district court.

_____

---

[3]*United States v. Hall*, 931 F.3d 694 (8th Cir. 2019), is not to the contrary. Although it treated the factors in § 3553(a)(2)(A) as off-limits in the revocation context, just like *Esteras* later held, it decided that the district court's reliance on one of them was too "insignificant" to be a "substantive error." *Id.* at 697.